UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

**DENISE ELLIOTT-OWENS,** individually and
as Administratrix of the Estate of **NA'IM OWENS,**
deceased,

                Plaintiff,

      - against –

**THE CITY OF NEW YORK, POLICE OFFICER
JOHN HIRSCHBERGER, (**Shield No. Unknown),
**POLICE OFFICER KYMIN** (Shield No. Unknown)
**SGT. JOHN DOE** and **POLICE OFFICER JOHN
DOE 1** in their individual and official capacities as Police
Officers employed by the City of New York**,**

                Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

      Plaintiff, by her attorney, ANDREW F. PLASSE & ASSOCIATES LLC., as and

for her Complaint, hereby alleges and shows to the Court the following, all upon

information and belief:

      1  Plaintiff Denise Elliott-Owens individually and as Administratrix of the Estate

of Na'im Owens, deceased,  hereby brings this action against the City of New York,

Police Officer John Hirschberger, Police Officer Kymin, Sgt. John Doe, and Police

Officers John Doe 1 individually in their individual and official capacities as Police

Officers employed by the City of New York for damages arising out of unconstitutional

policies and actions arising out of an alleged excessive use of force incident which

occurred on August 31, 2014.

      2.  Plaintiff brings this action against the defendants to redress the deprivation of

rights secured to her and the decedent's estate  by the Fourth, Fifth, Eighth and

Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

3.  At the time of the incident herein, plaintiff and plaintiff's decedent were residents of 590 Gates Ave., Brooklyn, NY.  Each defendant is a citizen of the State of New York. The amount in controversy exceeds the sum of Seventy Five Thousand [$75,000.00] Dollars, exclusive of interest and costs.

4.  At all times hereinafter mentioned, the Plaintiff Denise Elliott-Owens is the Administratrix of the Estate of Na'im Owens, deceased, is an individual and resides at 590 Gates Avenue, Brooklyn, NY.

5.  At all times hereinafter mentioned, decedent Na'im Owens was an individual and resided at 590 Gates Avenue, Brooklyn, NY.

6.  Heretofore, on or about the 6th day of September 2014, plaintiff's decedent died at Kings County Hospital, Clarkson Avenue, Brooklyn, NY.

7.  Plaintiff's decedent's Death Certificate lists his death as a Homicide.

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

9.  Venue is proper in this District pursuant to 28 U.S.C. Section 1381.

10.  At all times hereinafter mentioned the defendants Police Officer John Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 were employed as New York City Police Officers and acted under color of state law or a statute, ordinance, regulation or custom.

11.  Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of

New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

12.  That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under provisions of the State and/or City of New York

13.  That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; and that this action is being commenced within one year after the happening of the event upon which this claim is based.

## STATEMENT OF FACTS

14. On November 12, 2007, Khiel Coppin, the brother of the decedent, Na'im Owens, and son of Denise Elliott-Owens, was killed by New York City Police Officers at 590 Gates Ave., Brooklyn, NY.

15.  Many people were extremely troubled by the murder of an unarmed Black man at the hands of the New York Police Department.

16.  According to witnesses, Khiel Coppin was unarmed and had his hands up in the air when the police began shooting.  Many citizens felt that there was no rational excuse for shooting 20 times at an unarmed man who has his hands up in the air and then handcuffing him on the ground after he was seriously injured.

3

17.  From November 12, 2007 to the August 31, 2014, the plaintiff's decedent, Na'im Owens, was harassed by New York City Police Officers as retaliation for the public outcry over his brother's death.

18.  On August 31, 2014, at approximately 2:30 a.m., the plaintiff's decedent was in the vicinity of his home, at 590 Gates Ave., Brooklyn, NY.

19.  At the aforesaid date and place, plaintiff was shot at approximately eighteen times by defendants.

20.  Defendants shot the plaintiff's decedent once in the torso.

21.  Defendants alleged that the plaintiff's decedent had a firearm and had fired bullets at the police, wounding a police officer.

22.  Defendants' press releases stated that the plaintiff's decedent was an ex – con who wounded plaintiff Police Officer John Hirschberger.

23.  Police Officer John Hirschberger was struck by 'friendly fire' from other Police Officers.

24.  The Defendants' press release  led the public to believe that Naim Owens, was justifiably injured by gun fire, when in fact,  Naim Owens did not fire a weapon, and that the Police had a long history of harassing Naim Owens prior to killing him.

25. Plaintiff's decedent was treated at Kings County hospital for his gunshot wound.

26.  Plaintiff's decedent was arrested and charged with several felonies.

27.  From August 31, 2014 to September 6, 2014, plaintiff's decedent sustained pain and suffering.

4

28.  Plaintiff's decedent passed away on September 6, 2014 from his wounds, despite being able to communicate with his family the day before, and despite the doctors' assurances that he would make a full recovery.

29.  The criminal charges filed against the Plaintiff's Decedent were dismissed as a matter of law on September 6, 2014.

30.  Members of the Plaintiff's decedent's family were present when  Police Officers intentionally interfered with his physical recovery from his wounds, for several reasons, including retaliation for media attention concerning the murder of his brother, Khiel Coppin, and to cover up the Use of Force that occurred on August 31, 2015.

### PLAINTIFF'S CLAIM

31.  Upon information and belief, Police Office Hirschberger, Police Officer Kymin, Sgt. John Doe and Police Officers John Doe 1, acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

32.  Upon information and belief, the actions taken as aforesaid by Police Office Hirschberger, Police Officer Kymin, Sgt. John Doe and Police Officers John Doe 1, constituted excessive use of force, and deprivation of liberty without due process of law.

33.  Upon information and belief, the conduct of defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 USC 1983, AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1 , JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES**

**EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

34.  Upon information and belief, the actions taken as aforesaid by Police Office Hirschberger, Police Officer Kymin, Sgt. John Doe and Police Officers John Doe 1, constituted excessive force, in violation of the Fourth and Eighth Amendments and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

35.  Upon information and belief, Police Office Hirschberger, Police Officer Kymin, Sgt. John Doe and Police Officers John Doe 1, acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

36.  Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

36.  That by virtue of the foregoing, Plaintiffs have been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION IN CONSPIRACY AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1 , JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES EACH AND**

## EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND
## ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:

37.  Defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1   under color of law, conspired with one another to deprive Naim Owens  of his constitutional rights, including the right to be free from the intentional use of unreasonable force, to be free from unreasonable searches and seizures, to associate and speak freely, to have access to and seek redress in the courts, to be free from false arrest, false imprisonment and the delay and denial of proper medical attention.

38.  It was part of the conspiracy that the defendants covered up how the shooting occurred, to make it appear justifiable, when in fact, it was not and to cover up the use of unnecessary and excessive force and to conspire to file false criminal charges against the Plaintiff's decedent.

39.  In furtherance of the conspiracy, and in order to cover up the acts of excessive force, defendants engaged in the following: falsely arresting and imprisoning Mr. Owens; fabricating and contriving criminal charges against Mr. Owens; although they were present and aware of the excessive use of force and were required to report it immediately, deliberately suppressing the truth; submitting false police reports, statements and testimony to cover up the use of excessive force; in orchestrating a cover up, refusing to come forward with evidence and information that would incriminate each other, and refusing to come forward with  evidence and information that would incriminate the individual involved, in violation of the defendants sworn duty as police officers,

40.   Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

41.   That by virtue of the foregoing, Plaintiffs have been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION FOR ASSAULT AND BATTERY, AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1 , JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

42.   That Police Officer Hirschberger Sgt. John Doe and Police Officers John Does 1 & 2, as aforesaid, jointly and severally assaulted and battered the plaintiff causing him to sustain severe personal injuries.

43.   That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE, AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1 , JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

44.   That Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1, as aforesaid, jointly and severally were negligent in the discharge of firearms, causing the plaintiff to sustain severe personal injuries.

45.   That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE ARREST, AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1, JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

46.   That Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1, as aforesaid, falsely arrested the plaintiff causing him to sustain severe personal injuries.

47.   That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION, AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1 , JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

48.   That Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1, as aforesaid, jointly and severally maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

49.  That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR WRONGFUL DEATH, AGAINST DEFENDANTS POLICE OFFICE HIRSCHBERGER, POLICE OFFICER KYMIN, SGT. JOHN DOE AND POLICE OFFICER JOHN DOE 1 , JOINTLY AND SEVERALLY,  PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

50.  That the death of Naim Owens, as aforesaid, and the Claim of Denise Elliott Owens, as Administratrix of the Estate of Naim Owens, was sustained through the tortious conduct of the Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1.

51.  That by reason of the foregoing, the plaintiff and other next of kin of plaintiff's decedent, have suffered pecuniary loss, and been deprived of Naim Owens' comfort, services, companionship, guidance, love, advice, love and affection, all to their damage in a substantial amount of money.

52.  That by reason of the foregoing, the next of kin of the Plaintiff's decedent, has sustained severe and significant pecuniary loss in a substantial amount of money to be determined by this court.

53.  That this action falls within one or more exceptions set forth in CPLR 1602.

54.  That by reason of the foregoing, the plaintiff's decedent has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction

**AS AND FOR A FIRST CAUSE OF ACTION FOR A MONELL CLAIM AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND**

**REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN
PARAGRAPHS MARKED AND ENUMERATED "1-33" AND FURTHER
ALLEGES AS FOLLOWS:**

55.  Upon information and belief, the actions taken as aforesaid by Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 constituted excessive force, conspiracy to cover up excessive force, violation of the Fourth Amendment, and deprivation of liberty without due process of law.

56.  Upon information and belief, at all times pertinent hereto, New York City encouraged, permitted and tolerated a pattern and practice of excessive force, conspiracy to cover up excessive force, violation of the Fourth Amendment, and deprivation of liberty without due process of law by Police Officers of the City of New York.

57. Upon information and belief, the City of New York has a policy, express or implied, to permit and encourage its Police Officers to use excessive force on civilians, to cover up the use of Excessive force, to orchestrate cover ups, to devise false versions of events,  and that this policy has been indoctrinated into the New York Police Department so that Officers in the course of their duty are more likely to use excessive force upon civilians,  including civilians who are handcuffed and injured and cover up the use of force.

58.  Upon information and belief, the City of New York has furthered and implemented this policy, by maintaining a system of review of Police Officer conduct which is so untimely and cursory as to be ineffective, and which permits and tolerates the excessive force, cover ups, violations of the fourth amendment, and deprivations of liberty without due process of law by Police Officers.

59.  At all times pertinent hereto, Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York.   These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the plaintiff's injuries.

60.  The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1.

61.  That by virtue of the foregoing, Plaintiff has been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A SECOND  CAUSE OF ACTION AGAINST THE CITY OF NEW YORK FOR WRONGFUL DEATH, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

62. That the death of Naim Owens, as aforesaid, and the Claim of Denise Elliott Owens, as Administratrix of the Estate of Naim Owens, was sustained through the tortious conduct of defendant City of New York's employees acting within the scope of their employment.

63.  That by reason of the foregoing, the plaintiff and other next of kin of plaintiff's decedent, have suffered pecuniary loss, and been deprived of Naim Owens' comfort, services, companionship, guidance, love, advice, love and affection, all to their damage in a substantial amount of money.

64.  That by reason of the foregoing, the next of kin of the Plaintiff's decedent, has sustained severe and significant pecuniary loss in a substantial amount of money to be determined by this court.

65.  That this action falls within one or more exceptions set forth in CPLR 1602.

66.  That by reason of the foregoing, the plaintiff's decedent has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction

**AS AND FOR A THIRD  CAUSE OF ACTION AGAINST THE CITY OF NEW YORK  FOR ASSAULT AND BATTERY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

67.   That the employee of the defendant as aforesaid, in the scope of their employment as New York City  Police Officers,  assaulted and battered the plaintiff's decedent  causing him to sustain severe personal injuries.

68. That such conduct was committed in the scope of employment with the City of New York.

69.  The City of New York is liable for the intentional torts committed by its employees in the scope of their employment pursuant to the doctrine of respondeat superior.

70.  That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH  CAUSE OF ACTION FOR NEGLIGENCE, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

71. New York City owed a duty to Plaintiff to train and supervise and otherwise control its Police Officers in the proper methods of Use of Force incidental to this matter, and in the course of their Police functions.

72. New York City failed to provide adequate training, hiring, supervision and control for the Police Officers involved herein, and said failure constitutes negligence.

73. As a proximate result of the City of New York's negligence to provide adequate training, hiring, supervision and control of the Police Officers involved herein, Plaintiff has sustained personal injuries.

74. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE ARREST, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

75. That the employees of the defendant as aforesaid jointly and severally falsely arrested the plaintiff causing him to sustain severe personal injuries.

76. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR MALICOUS PROSECTION PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-33" AND FURTHER ALLEGES AS FOLLOWS:**

77. That the employees of the defendant as aforesaid jointly and severally maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

78.  That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

II. Judgment on the Second Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1, in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

III. Judgment on the Third  Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 , in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction;

IV. Judgment on the Fourth  Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 , in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction;

V. Judgment on the Fifth  Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 , in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction;

VI. Judgment on the Sixth Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 , in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction;

VII. Judgment on the Seventh Cause of Action against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 , in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction;

VIII. Judgment for Punitive Damages against defendants Police Office Hirschberger, Police Office Kymin, Sgt. John Doe and Police Officers John Doe 1 in the amount of TEN MILLION ($10,000.00) DOLLARS;

IX. Judgment on the First Cause of Action against the City of New York in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

X. Judgment on the Second Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

XI. Judgment on the Third  Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

XII. Judgment on the Fourth Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

XIII. Judgment on the Fifth Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

XIV. Judgment on the Sixth Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

XV. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:      August 10, 2015
New York, New York

ANDREW F. PLASSE, Esq.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE
PURSUANT TO RULE 38 OF THE FEDERAL
RULES OF CIVIL PROCEDURE**

ANDREW F. PLASSE, Esq.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811